Argued and submitted October 16, 1998, reversed and remanded September 29, 1999, petition for review denied March 21, 2000 (330 Or 138)

Donald E. JANOFF, D.D.S.,
*Appellant,*

*v.*

GENTLE DENTAL, P.C.,
an Oregon professional corporation,
dba Gentle Dental,
*Respondent.*

(960604800; CA A97375)

986 P2d 1278

Roy Pulvers argued the cause for appellant. With him on the briefs were Glen McClendon and Lindsay, Hart, Neil & Weigler.

Charles F. Hinkle argued the cause for respondent. With him on the brief were Christine Kitchel, Stephen C. Hall and Stoel Rives.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Plaintiff, a periodontist, appeals a summary judgment for defendant, a professional corporation engaged in the practice of dentistry, in this action for breach of an employment contract. The trial court held that defendant had reasonable grounds for determining that plaintiff had consistently failed to meet contractually required standards of treatment and that it therefore did not breach the contract in terminating him. Plaintiff argues that there are material issues of fact on whether he in fact failed to meet those standards and that he is entitled to a judicial determination of whether the grounds for his termination were correct. We generally agree with plaintiff and therefore reverse.

In August 1994, plaintiff and defendant entered into a written employment contract under which defendant agreed to employ plaintiff as a periodontist. Paragraph 2 of the agreement described the standards that plaintiff agreed to meet:

"Dentist will treat all patients in a professional manner and in compliance with all professional standards and in accordance with Company satisfaction and policies, especially gentleness. Dentist will maintain a high standard of professional appearance during office hours at Company offices and treat all Company employees with utmost respect and team spirit. Dentist agrees to abide by all policies and expectations of the Department of Periodontology."

Paragraph 5 of the agreement established its term and the grounds for termination before the term ended:

"The term of this agreement is from *October 1, 1994* to *September 30, 1996*. This agreement shall be automatically renewed for unlimited similar time periods unless advance written notice is given by either party, to the other, at least twelve (12) months prior to the termination date(s). Company may immediately terminate this agreement prior to its natural expiration if Dentist consistently fails to render proper treatment to dental patients or adhere to written policies."

Plaintiff received a copy of the Department of Periodontology Policy Manual (the Manual) shortly before signing

the contract. The Manual contained a number of departmental policies and described a disciplinary process and specific grounds for termination. It also provided that "[e]mployment is at the will of the Chief [of the department] and can be terminated at any time if the employee's presence is considered detrimental to Gentle Dental or The Department of Periodontology."

■ During plaintiff's employment, defendant received a number of complaints about his attitude toward patients and pain management and about his general appearance. According to defendant, those complaints were the basis for its decision to terminate plaintiff's employment in May 1996, before the expiration of the period provided in the written employment contract. At the trial court, defendant originally relied on those complaints for proof that plaintiff had in fact acted in a way that justified his termination. However, when plaintiff objected to the evidence as hearsay, defendant asserted that it was relevant to show defendant's state of mind at the time of the termination, not for the truth of the matter asserted. It maintains that position on appeal. In addition, plaintiff submitted evidence that tends to show that he did not act inappropriately. There is, thus, a genuine issue of material fact on whether plaintiff's actions justified his termination. Defendant argues, however, that that issue is irrelevant to whether it had the power to terminate plaintiff.

■ Defendant states its position succinctly in its brief: "As a matter of law, an employer retains the unilateral right to make the factual determination of whether an employee has failed to meet its standards—in this case, proper treatment and adherence to written policies—absent an agreement to the contrary." It further argues that neither the written employment contract nor the Manual assigned the responsibility to anyone else. The foundation for defendant's argument is its understanding of the Supreme Court's decision in *Simpson v. Western Graphics*, 293 Or 96, 643 P2d 1276 (1982). In *Simpson*, the employees asserted that the employer had terminated them in violation of the just cause provisions of the employer's employee handbook. There were no individual agreements that established the term of the employees' employment. The trial court refused to find whether the facts constituting just cause actually existed;

rather, the trial court held, it was necessary to find only that there was substantial evidence to support the employer's decision and that the employer had acted in good faith. It then found that those things existed and entered judgment for the employer. 293 Or at 98-99.

On appeal, the Supreme Court affirmed. It held that the employee handbook restricted the employer's otherwise unlimited authority to terminate an employee at will. Under the handbook, the employer had to have just cause in order to terminate an employee. The handbook did not, however, limit the employer's right to determine whether the facts constituting just cause existed. That decision, therefore, was for the employer, not the courts. In reaching that conclusion, the court emphasized the unilateral nature of an employee handbook:

> "Although an employer's statement of employment policy has a degree of contractual effect * * *, its terms are not necessarily to be construed in the same way as those of a negotiated labor contract. The handbook was not negotiated. It is a unilateral statement by the employer of self-imposed limitations upon its prerogatives. It was furnished to plaintiffs after they were hired and the evidence affords no inference that they accepted or continued in employment in reliance upon its terms. In such a situation, the meaning intended by the drafter, the employer, is controlling * * *."

293 Or at 100. The court concluded that there was no reason to infer that the employer intended to surrender its power to determine whether the facts constituting cause exist, nor was there evidence of some other basis for concluding that it had done so. *Id.* at 100-01.

The obvious, and decisive, distinction between *Simpson* and this case is that plaintiff's right not to be terminated does not come from a unilaterally adopted employee handbook, which formed no basis of the employee's decision to accept employment, but from a bilateral employment contract that the parties executed as part of the hiring process. In that contract, defendant gave up its prerogative to make factual determinations about termination in a way that the employer in *Simpson* did not. Under paragraph 5 of that contract, defendant may terminate plaintiff before the contract's

natural expiration only if he "consistently fails" to render proper treatment or to adhere to written policies. There is no reason to treat that contract differently from every other contract, including plaintiff's right to a judicial determination of all factual issues related to whether he had consistently failed to do what the contract required or whether, in contrast, defendant breached its provisions when it terminated his employment.

To support its position, defendant relies on paragraph 2 of the contract, under which plaintiff agreed "to abide by all policies and expectations of the Department of Periodontology." It asserts that the Manual contains those policies and expectations and that plaintiff is therefore subject to the termination provisions in the Manual. According to defendant, under *Simpson* those provisions implicitly include defendant's exclusive right to determine whether facts exist that justify termination. The problem with defendant's argument is that paragraph 2 at most requires plaintiff to abide by the policies and expectations that the Manual describes. Nothing in paragraph 2, or any other part of the employment contract, purports to subject plaintiff to termination provisions of the Manual that are inconsistent with the express provisions of the employment contract.[1] Because defendant's right to continued employment comes from his contract, not from the Manual or other unilaterally adopted employee handbook, *Simpson* does not apply to this case.

Because there are genuine issues of material fact on whether the complaints on which defendant based its actions were valid and whether they justified termination under the employment contract, the trial court erred in granting summary judgment to defendant.

Reversed and remanded.

.

---

[1] We need not decide whether plaintiff is entitled to the progressive discipline provisions of the Manual to the extent that they are not inconsistent with the employment contract.